THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PABLO PORTALATÍN, Defendant and Appellant.

No. 15220. Argued April 7, 1952.—Decided April 18, 1952.

*Luis A. Archilla Laugier* for appellant. *Víctor Gutiérrez Franqui, Attorney General,* and *J. Rivera Barreras, Fiscal of the Supreme Court,* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the Court.

Pablo Portalatín was charged with having operated in March, 1950 a *bolita* game, as agent and manager, in viola-

tion of Act No. 220, Laws of Puerto Rico, 1948. He was convicted by the district court and sentenced to imprisonment of three to ten years. On appeal he contends that the lower court erred in overruling his motion for a nonsuit and in finding him guilty without corroboration of the testimony of his alleged accomplice.

■ *Cruz Lugo Vázquez* testified that she was the cook at the defendant's house; that on March 9, 1950 the defendant gave her a package of some envelopes and asked her to keep it at her house as he had not obtained a car to send it to San Juan to "José Chichí"; that on the next day the police, pursuant to a search warrant, searched her home and found the said envelopes in a suitcase where she had put them. She identified the lists shown to her by the district attorney as those which were in the envelopes delivered to her by the defendant. These lists were thereafter admitted in evidence.

*Jobo Santiago*, a detective, testified that he searched the house of Cruz Lugo on March 10, 1950 and found the lists already identified by the latter in a suitcase in her house.

*Gladys Esther López*, the daughter of Cruz Lugo, testified that she saw the defendant at the latter's house deliver some envelopes to her mother; that the defendant told her mother to keep them for him until the following day; that her mother asked the defendant if she would be taking any risks and he answered in the negative; and that her mother kept the lists.

*Ramón Virella*, an insular detective, testified that on March 10, 1950 he and others searched the house of the defendant pursuant to a search warrant, but found nothing incriminating; that thereafter at the same place the defendant among other things said to him that "he was sorry he was the fat cat of this town because although there were other bankers larger than he, only he was being prosecuted."

*Miguel Santiago Albino* testified that he had known the defendant for eight or ten years; that he sold *bolita* tickets

to the public and delivered the lists therefor to the defendant; that these tickets were sold on the basis of a prize being paid in accordance with the last three numbers of the Santo Domingo lottery; that in March, 1950 he sold a ticket which won a prize of $172, which was paid by the defendant; that the defendant sent the lists which the witness delivered to him to "Chichí" in San Juan.

The defendant offered no testimony at the trial. As already noted, on appeal he relies on his motion for nonsuit made at the close of the testimony for the People and on the alleged lack of corroboration of the testimony of Santiago Albino, the accomplice. Our summary of the evidence of the People shows that the contention that the motion for nonsuit should have been granted is frivolous. See *People* v. *Rosado*, 72 P.R.R. 773.

██ We recently pointed out in another *bolita* case involving this same defendant that under § 253 of the Code of Criminal Procedure, 1935 ed., corroborative testimony is not required for all the elements of the crime. The only requisite is that such testimony shall tend to connect the defendant with the commission of the crime. *People* v. *Portalatín*, 72 P.R.R. 145, 154. In the light of our holding under the facts of the latter case, we think this is an *a fortiori* case. Here there was testimony by Cruz Lugo, who was not an accomplice, that the defendant gave her for safekeeping certain lists because he could not send them to San Juan and which show on their face that they were lists of a *bolita* game. In addition, the defendant's admission to Virella tends to show that the defendant was involved in the operation of a *bolita* game. See *People* v. *Feliciano*, 70 P.R.R. 834. Under these circumstances, we think there was sufficient corroboration of the testimony of the accomplice to justify the conviction of the defendant for operating a *bolita* game as agent and manager.

The judgment of the district court will be affirmed.